Our next case on the call the docket is agenda number seven case number one one three one one six people versus Ernesto Giraud counsel for the appellant, please Good morning, your honors may it please the court counsel. My name is Carol Gaines and I represent the people of the state of Illinois The victim in this case your honors was the Defendant's biological daughter who came to live with the defendant at age 13 when defendant regained custody of her After she had lived with her maternal grandmother since the age of five in the fall of 2007 when the victim was 14 years old The defendant began to touch her inappropriately and a few days before Thanksgiving of that year The defendant came into the victim's bedroom Ordered her to take off her clothes and grabbed her by the wrists as she tried to run from the room Defendant threw her on the bed Held her down while he removed her pants and sexually assaulted her by forcing his penis into her vagina without using a condom The defendant continued to sexually assault his daughter through January of 2008 when she attempted to take her life by swallowing a bottle of pills While does while it is unclear whether the defendant wore condom on each of those subsequent sexual assaults of his daughter He was not wearing a condom on that first occurrence There is no dispute in this case The defendant was HIV positive and that both the defendant and his daughter were aware of his medical condition Based on that first sexual assault where the defendant did not wear a condom Defendant was charged with aggravated criminal sexual assault under section a3 of the aggravated criminal sexual assault statute Which requires the state to prove that during the commission of the offense the defendant acted in a manner which threatened or? Endangered the life of his daughter the jury convicted the defendant of aggravated criminal sexual assault and the appellate court Overturned that conviction finding as a matter of law That no rational trier fact could have found could have concluded that the defendants act of exposing his daughter to HIV through an unprotected forced sexual assault Threatened or endangered her life within the meaning of a3 the section a3 of the aggravated criminal sexual assault statute Is the question of whether the statute applies under these circumstances a question of law or is it a question of fact? It's absolutely a question of fact for the jury your honors And that's in fact the jury in this case did in fact find that that the evidence in this case Was sufficient to sustain the defendants conviction for aggravated criminal sexual assault under that statute furthermore the appellate court despite Recognizing that the exposure to HIV can in fact result in transmitting a life-threatening virus the appellate court nevertheless held that under the terms of a3 of the criminal sexual assault statute because the mere exposure of HIV posed no immediate risk to the defense to the victim's life during the commission of the offense It did not threaten or endanger her life during the commission the offense So is this this is not a question in a statutory interpretation. It's absolutely a question of statute or in tape Statutory interpretation your honor and it's our position the appellate court's judgment was erroneous and Contrary to the plain meaning of the language used in the aggravated criminal sexual assault statute the best indication of the legislature's intent is the statutory Language used given its plain ordinary meaning the plain ordinary ordinary meaning of the term in danger By definition is to expose to danger and peril to bring into danger or peril or to create a dangerous situation The plain and ordinary meaning of that statutory term in danger does include this defendants act of exposing his daughter To HIV by engaging in unprotected an unprotected sexual assault when he knew he was HIV positive He exposed her to danger and created a dangerous situation by his conduct miss Gaines Is there any significance that there's a separate statute covering the criminal transmission of HIV or is that just not at all your honor? None at all your honor, there's absolutely the determination of the statutory construction of the term in danger is Not affected in any way shape or form or impacted at all by the existence of the criminal transmission of HIV statute It's a separate statute. It addresses different conduct and it does not involve what we have here a Forcible rape by a father in this case by a father of his daughter The facts of this case amounted to an aggravated criminal sexual assault regardless of the criminal transmission to HIV statute if there are conduct If conduct meets the criteria of different statutes that a defendant can be charged and convicted of all of all or any of them Just by its existence. It does not affect whether or not the determination By this court interpreting the plain meaning of the term in danger Um supports the defendants conviction that you you're saying a plain reading of the statute would result in that Have us come to that result But if we don't believe the statute is clear Should we be looking at the purpose for which the aggravating factor is there and of course the defense is arguing. I believe that the using force or Instruments or weapons is the aggravating factor because that immediately endangers the life whereas the exposure to HIV in this case Did nothing to force the victim into submission I Would respond your honor. First of all, the the fact that the effects that there's cases that require Some other use of an instrument is some other use of some instrumentality in in in Income in comprising whether or not that threatens or endangers the victim's life during the commission of the offense I would argue that those cases do not again affect When you look at the plain meaning of the statutory term in this statute, there is no under the statute There is no immediacy required For placing the defendant in in a dangerous or perilous situation. The danger does not have to occur He has to place her in that danger. But in this case in terms of the HIV exposure that does not Have to immediately Occur during the commission of the offense If we interpret the statute as you suggest counsel Would it also apply to transmission of like hepatitis C or tuberculosis or Any other kind of communicable disease that can be fatal? I think your honor you would have to look at those cases on a case-by-case Basis and that would be a question and a determination for the trier fact But yes If the trier fact or the evidence showed that those in fact were offenses that did in fact threaten or endanger the victim's life Then then yes, that would be a question for the trier fact, they're going to be all kinds of illnesses There may be some more dangerous some less But it is undisputed here in this case that the transmission of this virus threatened and Threatened and endangered this victim's life at the time of the occurrence of the offense. What if the victim was already HIV positive? Again your honor I think that would be a question of fact the fact that the defendant you have to look at the defendants act you have to Look at what he's doing. He knowing knowing he is he is infected with the HIV virus He commits a forcible sexual assault without using a condom. He is threatening or Continually threatening under your situation continues to threaten or endanger that victim's life during the commission of the offense The plain meaning what is the any lesson in offense if he used a condom, I mean there's always chance that Yeah, well if he used a condom your honor then It's a defense it it's a defense I don't believe that he would have been I he would have been charged with the it's the fact that he doesn't use a condom It's the exposure There because the other the other four or five or six times that he sexually assaulted or if he did use a condom He was not charged with that with the aggravated criminal sexual assault under that situation The court here has If whether or not he wore a condom whether or not that endangered her life, right, yes That would be a question for the trier-fact as is all of this The point is that the appellate court in saying as a matter of law that this could never ever The defendants conduct here could never ever amount to an aggravated criminal sexual assault is one It's one of the main hurdles here Is that it is a question of trier-fact let the trier-fact decide whether or not within the plain ordinary meaning of the statute Whether or not the defendants acts in this case in fact threatened or endangered his daughter's life If you look at I mean this court has construed the term in danger in both Collins and both both versus Jordan and in those cases It found it was where the statutory term isn't limited by the statute itself where there's no you know where there's no language that that Defines the term or limits it or qualifies it might be endangered It's actually endangered when you don't have that you look at the plain meaning and this court did that in people versus Collins and said that That endangerment doesn't refer to conduct that will result or actually results in harm But rather to a potential or possibility of injury or harm It was the same thing in people versus Jordan you followed people versus Collins and made that determination Again applying this court's prior interpretations of the term in danger to this case. It is the people's position the appellate court It is people's position that by exposing his daughter to HIV during an unprotected sexual assault Knowing that he was HIV positive Created a dangerous situation in acting and by acting in a manner that could or might Possibly result in harm to her clearly having the potential or possibility of injury or harm Again the aggravated criminal sexual assault statute does not define in danger as the two statutes this court reviewed in Collins and Jordan Nor does it contain any kind of qualifying language? Both the defendant and the appellate court can see that HIV is a life-threatening virus or disease as has this court in people versus Russell And based on the plain meaning of the statutory language It was not necessary for the victim to have contracted the virus at the time of the exposure or even afterwards the statute does not Require that and the statute does not say that it is the exposure to a potentially life-threatening virus During the commission of sexual assault which endangered this victim's life It is exactly with a trier effect found when convicting the defendant of aggravated criminal sexual assault And it was improper for the appellate court to have usurp that function Also, the appellate court likewise imposed a very narrow interpretation of the term in danger Which has not before been construed narrowly, which was not intended by the legislature and should not be permitted by this court to stand We'd ask that you find this defendant. I would like to point out to this defendant is a class X offender By raping his daughter without a condom knowing he was HIV positive He endangered her life within the plain meaning of the term in danger used in the aggravated criminal sexual assault statute And we'd ask that you find the appellate court's judgment in overturning that conviction was erroneous and affirmed the defendant's convictions Thank you Good morning Chief Justice Your Honor's counsel may it please the court My name is Amanda Ingram, and I represent Ernesto Gerode I would like to start by saying emphatically that this is a question of law No one is disputing the facts here There is no dispute that Gerode had HIV and that he exposed her to HIV But whether these facts are sufficient to meet the statutory requirements is a question of law that only this court can decide The state argues in favor of an expansive definition of the word in danger to the exclusion of the rest of the statute However, the plain language of the statute read as a whole does not support such an interpretation The statute has a clear Temporal limit in order to be elevated to an aggravated criminal sexual assault under this section The victim must be at risk of losing her life during the commission of the offense TG was not at risk of losing her life during the course of the offense by being exposed to HIV HIV does not threaten or endanger someone's life at the moment of exposure The risk and exposure to HIV is that the complainant will actually contract the virus That the virus will eventually develop into AIDS and that the treatment for AIDS will eventually lose effectiveness and the complainant die This is a process that can take decades The legislature intended for the aggravating factor to be something that was actively used to effectuate the assault while the assault was occurring Otherwise, there would have been no reason to include the language during the commission of the offense in the statute It is the immediacy of the threat that aggravates the assault into something even worse There was no showing here that Gerard used his HIV positive status as a means to affect the assault The state's argument for an expansive reading of the term endangered is at odds with the rest of the statute Even under the expansive understanding proposed by the state the statute still limits it to the time in which the offense is actually occurring The potential risk to the victim's life must be while the offense is occurring and not afterwards even under Collins and Jordan Neither of those statutes had the temporal limitations that are present in this statute Furthermore in each statute at issue in Collins in Jordan The immediacy of the of the harm was inherent in the offense and won the reckless discharge of a firearm statute The harm is ongoing while the bullet is in motion Once that bullet comes to rest the harm is over and so is the offense in the child endangerment and statute in that case A young a young child was left in a car in on a cold day Well, of course that child's life is endangered while she's in the car But once she's removed from that car, the offense is over and so is the risk to her life So Collins and Jordan do not change the analysis that the appellate court applied here Well, are you reading into the statute though by saying danger the life of the victim or any other person at the time of the offense? Those words aren't in the statute well, the the statute requires that there be a Endangered during the course of the offense the during the of course of the offense language doesn't only modify the defendant's actions but it also modifies the result both the defendants actions and the the risk to the victim's life have to take place during the course of the assault and Virtually all of the case the published decisions dealing with this particular section of the statute Recognize that the the immediacy of the harm has to happen while During the parameters of the offense not before not afterwards furthermore The fact that the legislature separately criminalized exposure to HIV suggests that the legislature did not intend for HIV exposure to be used as an aggravating element Gerard has already been convicted of and punished for The for exposing TG to HIV through the criminal transmission of HIV statute Criminal transmission is a class 2 felony offense and Gerard was sentenced to seven years where the precise Circumstances of this case have already been addressed in a separate statute in a specific statute It suggests that the legislature did not intend for exposure to HIV to be used as an aggravating element of a sexual assault case the practical application of the criminal transmission statute Alongside the criminal sexual assault statutes makes sense a criminal sexual assault with exposure But not transmission of the HIV virus is punished more harshly than an assault without such exposure But less harshly than where there is actual transmission of the virus. There's no windfall. There is no loophole Rather the punishment for each scenario is in accordance with the severity of the circumstances By convicting and punishing Gerard for exposing TG to HIV the state's expansive reading of this statute would have him punished again for the same conduct the separate criminalization of exposure to the HIV Strongly suggests that the legislature intended to treat it as a separate independent offense and not as an aggravating element of a criminal sexual assault Finally a policy of lenity also requires that the statute be strictly construed The state suggests in its brief that the rule is only applicable in cases where a statute is is ambiguous While a rule of lenity does apply in cases where a statute is ambiguous It also applies when the statute operates as an enhancement provision Gerard is not arguing that this statute is ambiguous, but that it operates as an enhancement provision Which it does because it operates because it is a highly penal statute it must be strictly construed and Strictly construing this statute is in accordance with both the plain language of the statute and also the legislative intent Is there any significance in the fact that in subparagraph 3? The legislature used the word the accused acted in such a manner. Whereas all of the other Subparagraphs seem to indicate something was happening concurrently with the act It is the accused displayed the accused caused bodily harm The assault was perpetrated during the commission of as the victim was 16, etc. Does that make any difference? Well again, I would say that the the during the commission of the offense language Refers to not only defend the defendants actions that he acted in a manner Whatever that manner was but also under this section of the statute that the victim's life be threatened or endangered During the commission of the offense and I would like to to point out also that had TG Actually acquired the virus then she then Gerard could have been charged under the bodily harm section of the statute Which bodily harm obviously is a lesser Burden than a threat to the life. So again, there's there's no windfall or loophole here This is this is simply a strict construction of the statute as it is written If there are no further questions I will conclude by saying that there is no need for an expansive reading of this statute Where such a reading is not supported by the plain language and where the legislature did not intend for such a reading Therefore this court should affirm the holding of the appellate court. Thank you. Thank you rebuttal Briefly your honors. It's not that the state's requesting an expansive reading of the statute The term in danger in and of itself is a broad term What we're asking this court simply to do is look at the plain and ordinary meaning of that term as it has done in prior Cases and the facts of those other cases have nothing to do with whether or not the term in and of itself Endanger what that means within the context of the aggravated criminal sexual assault statute if the construction what the defense is asking for and the appellate court did was a very narrow construction of the statutory term and if the Construction of that statute that's being urged by the defense or by in this way in this case as well the appellate court Results in or leads to an absurd or an unjust result then you cannot adapt that construction That's exactly what the appellate court has done in in in Favoring a very narrow and constrictive construction of the term in danger which in and of itself Is a broad term Regarding the danger and the immediacy of the danger the statute does not require it you are looking The defense would would like you again To have an artificially narrow construction based on how the crimes occurred in the cases in and how those Offenses and the crimes were defined in the other cases that that that she's referring to the term is not narrow It doesn't require immediacy and it is contrary to the statutory language and does again result in an unjust interpretation With respect to the criminal transmission of HIV being the only statute under which this conduct can be criminalized. It is not as long as the defendants conduct falls into Various various Statutes prescribing that conduct he can be charged and he can be convicted with all of them Lastly the sentencing scheme which is designed for the defendant who who exposes the defendant who who when the victim perhaps can contracts the virus the defendant who exposes and doesn't expose the defendant who Just rapes the sentence the statutory sentencing scheme has absolutely nothing to do with whether or not The defendants action in this case threatened or endangered the life of his victim We believe that it does we would ask you to find that the appellate court erred in their narrow construction of Determined danger within the meaning of the aggravated criminal sexual assault statute. We'd have to ask you to reverse their judgment and affirm the defendants convictions Thank You miss Gaines and miss Ingram for your arguments this morning case number one one three one one six people versus Ernesto Gerard is taken under advisers agenda number seven